MILES STRICKLAND, APPELLANT, *v.* CHARLES G. HARGER AND CHARLES G. HARGER, JR., RESPONDENTS.

16  465
41ap468

*Composition deed — when it is not necessary that it be signed by all creditors — when the deed cannot be explained by parol evidence*

A composition deed recited that "whereas, C. G. Harger & Son, bankers, are indebted to the undersigned, *their several creditors,* in divers amounts, but by reason of sundry losses and disappointments are unable to pay and satisfy our demands in full, now  *  *  ."

*Held,* that the words "their several creditors" were not synonymous with "all their creditors," and did not imply that the compromise was not to become binding until all the creditors had signed it.

*Held,* further, that as there was no ambiguity in the deed, evidence of the circumstances attending its execution was inadmissible to show that it was intended to be inoperative unless signed by all the creditors.

APPEAL from a judgment entered on a decision of the Special Term in Jefferson county, dismissing the complaint.

The action was brought to set aside, as to the plaintiff, a compromise signed by the plaintiff and other creditors of the defendants, by which they agreed to take seventy-five per cent of their respective claims in full, and also a release by the plaintiff of his debts, on the ground that the plaintiff was induced to sign such compromise and release by fraudulent representations made by the defendants. The plaintiff received seventy-five per cent of his debt, according to the terms of the compromise, and he in this action demanded judgment for the remainder.

*Whiting & Moore,* for the appellant. By the terms and conditions of the composition it was not to be binding on any of the signers, until all the creditors of the defendants had signed. (*Westcott* v. *Thompson,* 18 N. Y., 363, 366; Shelby on Contracts, 70; Smith on Construction of Statutes, § 527; *Ward* v. *Whitney,* 8 N. Y., 442, 446; *Auburn City Bank* v. *Leonard,* 40 Barb., 119, 134; Smith on Statutory Law, § 512; *Blossom* v. *Griffin,* 13 N. Y. [3 Ker.], 569, 574.]

*McCartin & Williams,* for the respondents.

SMITH, J. :

The judge before whom this cause was tried found that when the plaintiff executed the release of his claim, one of the defendants told him that all the creditors had signed the compromise except a few scattering ones whose residence was unknown. It was also found that the statement was untrue, and it was admitted by the defendants that some of the creditors did not sign the composition, whose residence was known to the defendants. As the plaintiff testified that he relied upon that statement when he signed the release, a case was probably made for setting aside the release as fraudulent, provided the allegations in the complaint were sufficient for that purpose. But the fraud which affected the release did not touch the compromise which preceded it, and if that stands, and is of itself binding on the plaintiff, the setting aside of the release would not give the plaintiff a right to collect the remainder of his debt, and would yield him no practical relief.

The principal question is, therefore, whether the compromise is valid and binding on the plaintiff. The judge at Special Term found that the defendants practiced no fraud upon the plaintiff to induce him to sign that instrument, and we concur in the views expressed in his opinion upon that point.

The appellant's counsel contends that the compromise was not delivered by the plaintiff to take effect when signed, but was left with the defendants to enable them to get other creditors to sign it, and that it had no validity as to the plaintiff until he received his percentage and signed the release; and, consequently, it also is void by reason of the fraud which vitiated the release. The judge found, as matter of law, that as against the plaintiff the compromise was fully delivered at the time when he signed it and left it in the defendant's hands, and that no fraud being practiced upon the plaintiff at the time of its execution, its validity was not affected by whatever occurred between the parties plaintiff and defendants after its execution. In those particulars also we concur with the Special Term.

It is also contended by the appellant's counsel that the composition, by its terms, was not to be binding until all the creditors had signed it. The language is : " Whereas, C. G. Harger & Son, bankers, are indebted to the undersigned, their several credit-

ors, in divers amounts; but by reason of sundry losses and disappointments are unable to pay and satisfy our demands in full; now, therefore, we," etc. It is argued that the words "their several creditors" are synonymous with "all their creditors," and that they necessarily imply that the compromise was not to be binding until all the creditors had signed it. We are not prepared to adopt that construction. Among the synonyms of the word "several," given by lexicographers, are "various," "divers," "sundry," "consisting of any small number more than two;" but the dictionaries furnish no authority for saying that "several" means "all." If it was intended that the signature of all the creditors was essential to the validity of the instrument, it was easy to say so. The plaintiff gave a practical construction to the agreement opposed to that contended for by his counsel, by accepting his percentage and giving the release, although he was told at the time that some creditors had not signed.

In *Renard* v. *Tuller* (4 Bosw., 107), which was the case of a composition agreement, it was said by HOFFMAN, J., that "such a condition ought to be expressly declared or clearly deducible from unambiguous language. Compositions could rarely be carried into effect if such stipulation is in every case, or in every doubtful case, to be implied when the contrary is not declared." We think the composition in this case did not in express terms, or by fair inference, declare that it was to be inoperative unless signed by all the creditors. When signed by more than one the agreement of each so signing was a good consideration for the agreement of the others, and it was binding on "the several" creditors who signed.

It was not competent to resort to proof of circumstances attending the execution of the agreement to show that it was intended to have the effect which the argument of the appellant's counsel would ascribe to it. There was no ambiguity — nothing to be explained; and proof of the kind suggested could have served no other purpose than to make a new agreement.

The judgment should be affirmed, with costs.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed, with costs.